*WESTERN DIS. October, 1841.*

GAS BANK
*vs.*
DESHA.

Personal notice of protest may be made on the endorser at any place, however distant from his domicil; and personal notice dispenses with constructive notice, by sending it through the post office.

---

## GAS BANK *vs.* DESHA.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT FOR THE PARISH OF

CATAHOULA, THE JUDGE OF THE SIXTH PRESIDING.

Where the certificate expresses the name of the post office, to which notice to the endorser is sent, it is sufficient, without stating it is the *nearest* to his residence. A denial might put the adverse party on his proof, that it was the nearest.

The want of amicable demand cannot be pleaded, when the protest states, that demand was made of the maker of the note, and the endorser notified, that he would be looked to for payment.

Bankable interest is due on notes discounted in Bank, from the day of protest.

WESTERN DIS.
*October*, 1841.

GAS BANK
*vs.*
DESHA.

This is an action against the endorser of a promissory note, for the balance due thereon of $625, and interest.

The defendant pleaded the general issue, and denied specially his liability as endorser, or that he was in any way indebted.

On the trial the note and protest were offered in evidence. The notary's certificate was objected to by defendant's counsel, because it did not purport to be taken from a book kept for that purpose, and because it did not state, that notice was sent to the endorser's nearest post office. These objections were all overruled and judgment for the plaintiffs. The defendant appealed.

*Mayo*, for the plaintiffs.

*Garrett*, contra.

*Garland, J.* delivered the opinion of the court.

The defendant is appellant from a judgment rendered against him as the endorser of a promissory note for $625, with interest thereon at the rate of seven per cent. per annum, from the 15th day of September, 1839.

He first contends there is no legal evidence of notice to him, " the only evidence being the certificate of the parish judge, which is not in accordance with the statute of 1821. The copy does not appear to have been taken from a book in which it was duly recorded under the signature of the notary and two witnesses." He relies on 1 Bullard & Curry's Dig., 41. The protest is signed by two witnesses, and the parish judge certifies it as " a true copy of the original extract in my office." The act of the 13th March, 1827, relative to the manner of giving notices to endorsers, seems to have escaped the attention of the counsel for the defendant. 1 Idem, 40–42. Under it the parish judge has acted, and we think has substantially complied with its provisions.

The next objection is, that it is not stated in the protest, that

WESTERN DIS.
October, 1841.

GAS BANK
vs.
DESHA.

the notice was directed to the post office nearest to the domicil or habitual residence of the defendant. The post offices, to which the notices were sent, are named in the certificate of the notary; the defendant has not denied in his answer, that the one for him was misdirected or that there was another post office nearer to him. Had he done so, the plaintiff would have been put on his guard as to the proof it was necessary to make, and might probably have been compelled to show the office, to which the notice was sent, was the nearest to the defendant. At any rate, the defendant might have discharged himself by showing, there was a post office nearer to him, than the one to which the notice was sent.

*Where the certificate expresses the name of the post office, to which notice to the endorser is sent, it is sufficient, without stating it is the nearest to his residence. A denial might put the adverse party on his proof, that it was the nearest.*

The defendant's plea of a want of an amicable demand will not avail him. The demand of payment on the drawer of the note and a notification to the defendant, that the holder looked to him for payment, is in our opinion a sufficient demand.

*The want of amicable demand cannot be pleaded, when the protest states, that demand was made of the maker of the note, and the endorser notified, that he would be looked to for payment.*

The Bank has a right to recover interest at seven per cent. per annum, from the day of the protest. The plaintiff is the holder of the note, which on its face shows it was made for the accommodation of the drawer. The inference, that it was discounted is irresistible. La. Code, art. 2895; Acts, 1835, p. 103, sec. 23.

*Bankable interest is due on notes discounted in Bank, from the day of protest.*

In the plaintiffs' petition it is admitted, the sum of $158 was paid on the 11th of October, 1839, yet judgment is entered for the whole amount of the note. This is an error we must correct. At the foot of the protest it is stated, that the sum of $158 16 has been paid on the note. The defendant contends, he is entitled to credit for both sums. We have no doubt the sum stated in the petition is the same noted on the protest, and we shall only allow a credit for the latter sum.

The judgment of the District Court is therefore annulled, avoided and reversed; and this court proceeding to give such judgment as in our opinion ought to have been rendered in the court below, do further order, adjudge and decree, that the plaintiffs do recover of and have judgment against the defendant for the sum of four hundred and sixty-nine dollars and

WESTERN DIS.
October, 1841.
————————
BROWN
vs.
GUNNING'S CU-
RATRIX ET AL.
ninety-six cents, with interest thereon at the rate of seven per centum per annum, from the 11th day of October, in the year 1839, until paid, with the costs of protest and of this suit in the District Court, those of the appeal to be paid by the plaintiff and appellee.