GEORGE POLLARD and others *v.* GEORGE COOK and another

A general denial will place the *onus* of proving notice of protest on the plaintiff, who must establish that such notice was sent to the post office, nearest to defendant's residence, whether in the same or another state; and the latter may, under the general issue, show that the office to which it was sent was not the nearest.

Post offices in the United States are established by law; and no evidence is required of what the law is.

APPEAL from the District Court of West Feliciana, *Johnson,* J.

*Stevens,* for the appellants.

*Paterson,* for the defendants.

MARTIN, J. The plaintiffs are appellants from a judgment in a suit against the defendants, as drawers of a bill of exchange; and

the case turns on the regularity of the notice of the protest to the latter. The petition generally avers, and the answer equally denies the notice. After the case was fixed for trial, and the time had come for taking it up for trial, the defendants obtained leave to file an amended answer, stating, that there was a post office nearer to their place of residence than the one to which the notice was sent. There was a bill of exceptions to the leave, on the ground that the answer came too late, and that it changed the nature of the defence. According to the opinion of this court in the case of *Landry* v. *Gamet*, (1 Robinson's Rep. p. 364,) the answer came too late. The notice was alleged and denied; the *onus probandi* was, therefore, on the plaintiffs, and they were bound to prove a legal one. The defendants reside near St. Francisville, and the notice was directed to them at the post office there. The distance from their residence to that town is not otherwise stated, than in the averment of their living thirty-five miles from the *court house.* The petition states, that they reside in the parish of West Feliciana: St. Francisville is the seat of justice of that parish, the post office of that town was, therefore, at a distance of about thirty-five miles from their residence. It is in evidence that there are two post offices nearer to their residence, to wit, that of Pinckneyville in the state of Mississippi, which is sixteen miles from it; and that of Red River Landing, in the parish of Pointe Coupée, which is distant from five to ten miles.

The legal notice of a protest must be sent to the post office nearest to the residence of the party. The plaintiff is, therefore, bound to prove that the office to which he sent the notice, was the nearest. If he fails to do so, he fails to prove a legal notice. When he has made his proof, the defendant may, without having pleaded anything but the general issue, show that the post office to which the notice was sent, was not the nearest; one means of doing which is, certainly, to show that there are others nearer. This has been done in the present case. It is urged, that neither of these two offices, is within the parish in which the defendants reside, and that one of them is in another state. This, in our opinion, is perfectly immaterial. The facility of reaching a given place is not diminished, by the dividing line of two parishes or states crossing the road. It is further urged, that for some time,

the post office at Red River Landing was without a post master. Wherever a post office is established, it is a proper place to direct letters to, until it is suppressed; for the department takes care that it be not long without an incumbent. Post offices are established by law, and the court requires no evidence of what the law is. It is bound to take notice of it.*

---

* An application for a re-hearing having been made by *Stevens*, on the authority of *The Gas Bank* v. *Desha*, (19 La. 459.) Garland, J., in refusing it said : " The difference between this case, and that cited is, that here the defendants have proved that there were two offices nearer to them than that to which the notice was sent, and have thus discharged themselves, as we said they might do." R.